UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DEVIN KEITT,

                              Plaintiff,

     v.                                      10-CV-157

PAUL ANNETT, Downstate Correctional
Facility; DALE ARTUZ, Clinton Correctional
Facility; JOSEPH BELLNIER, Upstate
Correctional Facility; BRIAN FISCHER,
Commissioner of D.O.C.S; LUCIEN
LECLARE, Deputy Commissioner of
D.O.C.S; NORMAN BEZIO, D.O.C.S.
Inmate Disciplinary Program Director of
Special Housing Units (SHU); ALBERT
PRACK, Acting SHU Director; STATE OF
NEW YORK; L. CORBINE, Correction
Officer; S. LaBOUNTY, Correction Officer;
T. DUNNING, Correction Officer; B. BUSH,
Correction Officer; JOHN DOES #1-3,
Sergents; P. DUVALL, Sergeant,
P.CHASE, Clinton Correctional Facility;
JOHN DOE ANCTIL, Upstate Correctional
Facility; JOHN DOE #4, Commissioner
Hearing Officer, Clinton Correctional
Facility; and STEVE BULLIS,
Commissioner Hearing Officer, Upstate
Correctional Facility,

                              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

**DECISION and ORDER**

This pro se Civil rights action pursuant to 42 U.S.C. § 1983 and Title II of the American with Disabilities Act (ADA), 42 U.S.C. § 12101 was referred to the Hon. David R. Homer, United States Magistrate Judge, for a Report- Recommendation pursuant to U.S.C. §636(b) and Local Rule 72.3(c).

The Report-Recommendation dated July 25, 2011 recommended that: (1) the Complaint be dismissed without prejudice as to John Does #1 - 4; (2) Plaintiff's motions for a temporary restraining order and to amend his complaint be denied; and (3) Defendants' cross-motion to dismiss be granted as to the ADA claim; the Fourteenth Amendment due process claims alleging improper notice and proper destruction; and the Eighth Amendment claim. The Report-Recommendation further recommended that this action to be terminated as to Defendants LaBounty, Chase, Corbine, Synder, Anctil, Bullis, Duvall, and Bush and that Defendants' cross-motion be denied in all other respects.

Plaintiff filed timely objections to the Report-Recommendation, essentially raising the same arguments as those made in opposition to Defendants' cross-motion. When objections to the Magistrate Judge's Report-Recommendation are lodged, the Court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." See 28 U.S.C. § 636(b)(1). After such a review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with further instructions." Id.

Having reviewed the record *de novo* and considered the issues raised in the Plaintiff's objections, the Court accepts the Report and Recommendation with the exception of that part recommending dismissing of the reasonable accommodations claim under the

ADA.  The Court agrees with the Magistrate Judge that DOCS' policy of providing an assistant to help disabled inmates in the disciplinary process is a reasonable accommodation and that the ADA does not require the provision of the additional auxiliary aids Plaintiff seeks.  Although DOCS may have had such a policy, as the Magistrate Judge explained in connection with the due process claim, the Complaint alleges that Plaintiff did not receive any such assistance notwithstanding his request.  This is enough to state a claim for failure to accommodate under the ADA.  Accordingly, Defendant's motion on this ground must be denied.

For the foregoing reasons, Plaintiff's motions for a temporary restraining order (Dkt. No. 49) and to amend his Complaint (Dkt. No. 63) are DENIED; and Defendant's cross-motion to dismiss (Dkt. No. 53) is GRANTED IN PART and DENIED IN PART as follows:

   a.   The Fourteenth Amendment Due Process claims alleging improper notice and property destruction are DISMISSED;

   b.   the Eighth Amendment Claim is DISMISSED;

   c.   the ADA claim is DISMISSED with the exception of the reasonable accommodation claim insofar as it is claimed that Plaintiff requested, but did not receive, an inmate assistant to help him through the disciplinary process;

   d.   the Complaint is DISMISSED IN ITS ENTIRETY against Defendants LaBounty, Chase, Corbine, Synder, Anctil, Bullis, Duvall, and Bush;

   e.   the complaint be DISMISSED without prejudice as to defendants John Does #1-4.

In all other respects, Defendants' motion to dismiss is DENIED.

IT IS SO ORDERED.
Dated: September 22, 2011

Thomas J. McAvoy
Senior, U.S. District Judge