UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DEVIN KEITT,

      Plaintiff,

      vs.                                     5:10-CV-157

PAUL ANNETTS, Downstate Correctional
Facility; et al.,

      Defendants.
_____

Thomas J. McAvoy,
Sr. U.S. District Judge

## DECISION & ORDER

This *pro se* civil rights action brought pursuant to 42 U.S.C. § 1983 was referred to the Hon. Christian F. Hummel, United States Magistrate Judge, for a Report-Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c). The Report-Recommendation, dated December 3, 2012, recommended that: (1) Defendants' motion for summary judgment be **GRANTED** as to Plaintiff's American with Disabilities Act ("ADA") and Fourteenth Amendment due process claims; (2) Plaintiff's complaint be **DISMISSED** with prejudice; and (3) Defendants' motion for attorney's fees be **DENIED**. Dkt. #98. Both Plaintiff and Defendants filed timely objections to the Report-Recommendation. Dkt. ## 100, 101.

When timely objections to a magistrate judge's Report-Recommendation are lodged, the Court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See* 28 U.S.C. § 636(b)(1) (2009). After such a review, the Court may "accept, reject, or

modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.* With respect to those portions of the Report-Recommendation to which no objections are made, the Court reviews for plain error or manifest injustice.

Defendants filed objections to the Report-Recommendation regarding the denial of their attorney's fee motion. Dkt. #101. The Court agrees with Magistrate Judge Hummel's finding that Plaintiff's claims were not frivolous and baseless. Consequently, Defendants objections are overruled.

Turning to Plaintiff's objections, they address the remaining parts of the Report-Recommendation, and raise essentially the same arguments presented in his complaint. Dkt. ## 1, 100. Plaintiff restates his conclusory claims of due process deprivation and refusal of proper facilities for his dyslexia. Dkt. #100. Even taken in light most favorable to Plaintiff, nothing in his objections or papers show that there is a genuine issue of material fact as to Defendants denying him the requisite due process at his disciplinary hearings—he had assistance of prison guards, a period of days to request and receive assistance, and was served a written copy of the disciplinary charges against him. *See* Dkt. #87, Exs. 1, 3-6. As to the ADA claim, even if the Court assumes, *arguendo*, that Plaintiff's disability is sufficient under the ADA, no reasonable juror would be able to find that Defendants did not reasonably accommodate it. *See* Dkt. #87, Exs. 1, 9-11; *Graham v. Lewinski*, 848 F.2d 342, 344 (2d Cir. 1988).

For the foregoing reasons, this Court accepts Magistrate Judge Hummel's Report-Recommendation in its entirety for the reasons therein.

It is **ORDERED** that Defendants' motion for summary judgment be (1) **GRANTED** as to Plaintiff's ADA and Fourteenth Amendment Due Process claims; (2) Plaintiff's complaint be **DISMISSED** with prejudice; and (3) Defendants' motion for attorney's fees be **DENIED**.

**IT IS SO ORDERED.**

Dated: February 15, 2013

_____
Thomas J. McAvoy
Senior, U.S. District Judge